**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4927**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

VERNON WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00081-F-2)

Submitted:  September 25, 2014    Decided:  September 29, 2014

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Andrea T. Barnes, Assistant Federal Public Defenders, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2012, Vernon Williams pled guilty to one count of conspiracy to falsely make and counterfeit obligations of the United States, in violation of 18 U.S.C. § 371 (2012), and was sentenced after a downward variance to three years' probation. Williams appeals the district court's judgment revoking his probation and imposing an eighteen-month sentence. On appeal, Williams argues his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

Upon a finding of a probation violation, the district court may revoke probation and resentence a defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2012); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). We apply the same standard of review for probation revocation as for supervised release revocation. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Thus, a probation revocation sentence should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006).

To determine whether a sentence is plainly unreasonable, we first consider whether the sentence is unreasonable. Id. at 438. In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive

2

considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of . . . revocation sentences." Id. at 438-39. A sentence imposed upon revocation of probation is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. Moulden, 478 F.3d at 656. The court need not robotically tick through every subsection of § 3553(a), however. Id. at 657.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Ultimately, the court has broad discretion to revoke probation and impose a sentence up to that maximum. Moulden, 478 F.3d at 657. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable[.]" Crudup, 461 F.3d at 439.

With these principles in mind, we conclude that Williams' eighteenth-month sentence is not plainly unreasonable. Although Williams was sentenced above the recommended policy statement range, the district court's explanation for the sentence reveals that the court considered the policy statements and the § 3553(a) factors when determining the sentence, which

3

was below the statutory maximum applicable to Williams' conviction. We further conclude that the district court's decision to vary upward and impose an eighteen-month sentence was substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED

4